(No. 87104.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RUSSELL STACEY, Appellant.

*Opinion filed September 21, 2000.*

204

FREEMAN, J., joined by McMORROW, J., dissenting.

Rita A. Fry, Public Defender, of Chicago (R.H.R. Silvertrust, Assistant Public Defender, of counsel), for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb and Robert B. Berlin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Russell Stacey, was convicted in the circuit court of Cook County by two separate juries of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1994)) and criminal sexual abuse (720 ILCS 5/12—15(a)(1) (West 1994)), which arose out of separate acts in which defendant grabbed the breasts of two teenage girls. The circuit court sentenced defendant to 25 years' imprisonment for the aggravated criminal sexual abuse conviction and 25 years' imprisonment for the criminal sexual abuse conviction, with the sentences to run consecutively. Defendant appealed to the appellate court challenging his sentences as being excessive. The appellate court affirmed defendant's convictions and sentences. No. 1—98—0307 (unpublished order under Supreme Court Rule 23). We allowed defendant's petition for leave to appeal, which raises only the issue relating to the excessiveness of the sentences. 177 Ill. 2d R. 315. For the reasons that follow, we reverse the judgment of the appellate court, and affirm but modify the judg-

ment of the circuit court to impose consecutive six-year terms of imprisonment.

## FACTS

The record of defendant's first trial established that, on May 30, 1995, the then 15-year-old victim, Susy S., was walking to school with her friend, Jillian G., who was 14 years old at the time. Defendant, who was 33 years old at the time, appeared from an alley and began walking toward them, staring at them. When the girls tried to move to one side, defendant moved to the same side. When defendant approached the victim, he forced his hand between her crossed arms and grabbed her breast for a few seconds, until she knocked his arm away. As defendant walked away, he blew her a kiss. The victim proceeded to her friend's house and contacted her mother and the police. Later, the victim went to school and gave a description of defendant to a school police officer. On June 2, 1995, the victim identified defendant at the police station as the man who attacked her.

Defendant testified on his own behalf and denied grabbing Susy S.'s breast. After considering the evidence, the jury found defendant guilty of the aggravated criminal sexual abuse of Susy S.

The record of defendant's second trial established that, on June 2, 1995, the victim, Lisa G., who was 18 years old at the time and attended the same high school as Susy S., was walking by herself to school. As she approached school, defendant walked toward her and stared at her. Defendant then stepped in front of her, blocked her path, grabbed her breast, and squeezed it. After the victim pushed his hand away, defendant blew her a kiss. As the victim turned to get a good look at defendant, he said, "Don't even try it or I will knock the shit out of you." Shortly thereafter, defendant yelled, "Suck my dick," and grabbed his genitals in an obscene manner. The victim proceeded to school, informed a security of-

ficer of what had happened, and described defendant. That same day, the victim identified defendant as the offender after he was detained near school during an investigation of the earlier offense.

The record also included the testimony of Monica A. for the limited purpose of presenting evidence of defendant's identification, intent, *modus operandi*, and absence of accident. In February of 1992, Monica A., who was age 12, was walking to school with her 9-year-old sister when defendant approached her and tried to grab her breast. Monica crossed her arms over her chest and leaned away from defendant. However, when defendant walked alongside of her, he grabbed her buttocks for a few seconds and commented that she had a nice "ass." As Monica and her sister walked away, defendant unzipped his pants, pulled out his penis and said, "[H]ey, girls, suck on this." Monica subsequently identified defendant as her attacker in a lineup.

The second jury found defendant guilty of the criminal sexual abuse of Lisa G.

At the sentencing hearing on both convictions, the State presented evidence in aggravation. Chicago police officer Thomas Lynch testified that, on September 8, 1990, he interviewed Betsy C., who was then 11 years old, and Renell G., who was then 27 years old, regarding an investigation of a sexual attack. They stated that, while they were walking down the street, defendant approached them and grabbed Betsy C.'s buttocks. As they tried to walk away, defendant grabbed Renell G.'s breasts. Both Betsy C. and Renell G. subsequently identified defendant as their attacker.

Chicago police officer Walter Siudut testified that, on March 11, 1991, he spoke to 15-year-old Tina S. She indicated to him that, as she was walking to school that morning, a man walked up behind her and grabbed her buttocks. Tina S. later identified defendant's photograph from a photo array.

The State also introduced victim impact statements from Susy S. and Lisa G. Both girls expressed their fears resulting from their encounter with defendant. Susy S. stated that she is afraid to go anywhere alone and is never at ease. Lisa G. indicated that she does not walk anywhere alone, no longer feels safe, and does not trust anyone.

The presentence investigation report, which was presented to the court, set forth defendant's prior convictions for aggravated criminal sexual abuse (1993); assault (1991); criminal sexual abuse (1991); attempted burglary (1990); burglary (1985); retail theft (1983); possession of a stolen motor vehicle (1980); and burglary (1979).

Defense counsel did not present any mitigating witnesses, but argued in mitigation that the nature of defendant's actions did not deserve severe punishment.

After considering the aggravating and mitigating factors, the trial court initially ruled that defendant would be sentenced as a Class X offender in light of his prior felony burglary convictions. The court then indicated that defendant's criminal history showed a propensity to commit the same offense despite attempts by the criminal justice system to deter him from committing such crimes. More specifically, the court referred to the fact that defendant's prior sentences have included counseling, probation, and imprisonment. The court therefore sentenced defendant to 25-year terms of imprisonment for each offense. The court further ordered that such sentences run consecutively so as to protect the public from further criminal conduct by defendant.

Defendant appealed his sentences to the appellate court, where he argued that his sentences were excessive. The appellate court rejected defendant's argument and determined that the trial court did not abuse its discretion in sentencing defendant.

## ANALYSIS

Defendant's sole contention on appeal is that the trial court abused its discretion by sentencing defendant to consecutive 25-year prison terms. According to defendant, his 50-year sentence is excessive given the nature of the crime.

The State responds that the trial court properly exercised its discretion in sentencing defendant where the sentences were within the statutory limits, were based on defendant's extensive criminal background, and were required to protect the public from further criminal activity by defendant.

It is well settled that the trial court has broad discretionary powers in imposing a sentence (*People v. Fern*, 189 Ill. 2d 48, 53 (1999)), and the trial court's sentencing decision is entitled to great deference (*People v. Perruquet*, 68 Ill. 2d 149, 154 (1977)). The trial court is granted such deference because the trial court is generally in a better position than the reviewing court to determine the appropriate sentence. The trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v. Streit*, 142 Ill. 2d 13, 19 (1991); *Perruquet*, 68 Ill. 2d at 154. Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently. *Streit*, 142 Ill. 2d at 19.

Although the trial court is vested with wide discretion in sentencing, such discretion is not without limitation. Supreme Court Rule 615(b)(4) grants the reviewing court the power to reduce the sentence imposed by the trial court. 134 Ill. 2d R. 615(b)(4). The rule itself, however, does not set forth the scope of this power or the circumstances under which it should be exercised. Rather, decisions of this court have established that, absent an abuse of discretion by the trial court, the

sentence may not be altered on review. *Streit*, 142 Ill. 2d at 19; *Perruquet*, 68 Ill. 2d at 153. For example, a sentence within statutory limits will be deemed excessive and the result of an abuse of discretion by the trial court where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense. *Fern*, 189 Ill. 2d at 54.

Applying these principles to the instant case, we hold that the trial court abused its discretion in sentencing defendant to 25-year prison terms. Parenthetically, we note that defendant's conviction for aggravated criminal sexual abuse is a Class 2 felony (see 720 ILCS 5/12—16(g) (West 1994)), and defendant's conviction for criminal sexual abuse is elevated to a Class 2 felony because of his prior conviction for aggravated criminal sexual abuse (see 720 ILCS 5/12—15(d) (West 1994)). Moreover, because of defendant's two prior Class 2 felony burglary convictions, defendant is eligible to be sentenced as a Class X offender on each conviction. See 730 ILCS 5/5—5—3(c)(8) (West 1994). A Class X felony carries a statutory sentence of not less than 6 years and not more than 30 years. 730 ILCS 5/5—8—1(a)(3) (West 1994). Consequently, the trial court's 25-year sentence for each offense is within statutory limits.

Nevertheless, we find that the sentence is manifestly disproportionate to the nature of the offenses. In these separate offenses, defendant momentarily grabbed the breasts of two young girls, who were fully clothed at the time, and he made lewd comments and gestures. Although such behavior is appalling and harmful, it is not severe enough to warrant a 25-year sentence. Given the nature of the crimes, the 25-year sentences imposed are excessive and an abuse of discretion on the part of the trial court. In so holding, we are not reweighing any aggravating or mitigating factors. In fact, defendant does not contend that the trial judge considered any improper

factors in imposing sentence. Moreover, we do not condone defendant's actions. We acknowledge that defendant's conduct is reprehensible. Nevertheless, we must adhere to our constitution's mandate that penalties be determined according to the seriousness of the offense. Ill. Const. 1970, art. I, § 11. Here, the level of seriousness of the offenses does not warrant 25-year sentences.

Although the trial court abused its discretion in imposing 25-year sentences, we nevertheless find no such abuse of discretion regarding the consecutive nature of the sentences. Consecutive sentences may be imposed where the trial court "having regard to the nature and circumstances of the offense and the history and character of the defendant *** is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant." 730 ILCS 5/5—8—4(b) (West 1994). Here, the trial court relied on defendant's prior criminal history, which included other such acts against young girls, and defendant's repeated failure at rehabilitation, to conclude that the imposition of consecutive sentences was necessary to protect the public from defendant's conduct. There is no abuse of discretion in such a conclusion.

Having determined that 25-year sentences are excessive and the result of an abuse of discretion, we must determine whether to impose a new sentence or remand the matter for resentencing by the trial court. We find it unnecessary in this case to remand to the trial court for resentencing. See *People v. Saldivar*, 113 Ill. 2d 256, 272 (1986). In the exercise of our authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we reduce defendant's sentence to six years for each offense, the minimum period of incarceration provided for a Class X offense, with each sentence to run consecutively. Such a reduction in defendant's sentence comports with the

nature of the offenses while not diminishing the serious-
ness of defendant's actions.

## CONCLUSION

For the reasons stated, the judgment of the appellate
court is reversed. The judgment of the circuit court is af-
firmed but modified to impose consecutive sentences of
six years' imprisonment for defendant's aggravated crim-
inal sexual abuse and criminal sexual abuse convictions.

*Appellate court judgment reversed;*
*circuit court judgment affirmed as modified.*

JUSTICE FREEMAN, dissenting:

I respectfully dissent. In my view, defendant's aggre-
gate sentence of 50 years exceeds the limit mandated by
the legislature as set forth in the sentencing statutes ap-
plicable to defendant. Therefore, the court errs when it
states that the imposed sentence is within the statutory
limits. See 193 Ill. 2d at 210. Because the record af-
firmatively demonstrates that both the parties and the
trial judge misapprehended the parameters of the
sentencing range to be utilized in this case, I would
remand the matter for resentencing.

As noted in the court's opinion, defendant was
convicted by two separate juries of aggravated criminal
sexual abuse and criminal sexual abuse. At the ensuing
sentencing proceedings, the trial judge and the parties
proceeded under section 5—5—3(c)(8) of the Unified
Code of Corrections, which provides in pertinent part
that

"When a defendant, over the age of 21 years, is convicted
of a Class 1 or Class 2 felony, after having twice been
convicted of any Class 2 or greater Class felonies in Il-
linois, and such charges are separately brought and tried
and arise out of different series of acts, such defendant
shall be sentenced as a Class X offender." 730 ILCS 5/5—
5—3(c)(8) (West 1994).

Moreover, defendant, having been convicted of two sepa-

rate offenses, was to receive two sentences. At the sentencing hearing, the State, citing to section 5—8—4(b) of the Code, requested that the trial judge impose "consecutive terms of sentencing with respect to each incident up to 60 years." Section 5—8—4 allows the sentencing judge to determine whether multiple sentences are to be served concurrently or consecutively. See 730 ILCS 5/5—8—4 (West 1994). According to section (b) of the statute, consecutive sentences "shall not be imposed" unless the sentencing judge, having considered the nature and circumstances of the offense and history and character of the defendant, "is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant." 730 ILCS 5/5—8—4(b) (West 1994). The trial judge expressed his belief on the record that consecutive sentences were warranted based on the evidence adduced at the hearing: "the sentence that I give here today must be targeted at the goal of keeping Mr. Stacey from committing further instances of sexual crimes *** to protect the public ***."

Due to the dual applicability of both section 5—5—3(c)(8) and section 5—8—4(b) of the Code, the trial judge and the parties considered 6 to 30 years (the range for Class X offenses) to be the appropriate range for each sentence to be imposed. The State sought two 30-year sentences to be imposed consecutively for an aggregate sentence of 60 years. Defense counsel asked that the minimum be imposed. The trial judge ultimately decided upon two 25-year sentences to be served consecutively for an aggregate sentence of 50 years.

Neither the trial judge nor the parties, however, took into account the limiting language contained in section 5—8—4(c)(2), which states:

> "[T]he aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5—8—2 for the 2 most serious felonies involved." 730 ILCS 5/5—8—4(c)(2) (West 1994).

Section 5—8—4(c)(2) plays an important role in fashioning consecutive sentences. The aim of the statute "is to limit the total length of consecutive sentences imposed on a defendant, while still fairly punishing the defendant *in relation to the severity of the crimes*. Such a purpose is reasonable in the context of punishing a defendant for a series of crimes, where the stacking of penalties can result in sentences of *extraordinary harshness*." (Emphasis added.) *People v. Tucker*, 167 Ill. 2d 431, 436 (1995), citing 3 ABA Standards for Criminal Justice § 18—4.5 (2d ed. Supp. 1986). See also *People v. Pullen*, 192 Ill. 2d 36, 45 (2000) (same).[1]

We recently explained in *Pullen* that section 5—8—4(c)(2) limits the aggregate of consecutive sentences to be imposed upon a defendant who has been convicted of Class 1 or 2 felonies, but is eligible for sentencing as a Class X offender because of prior convictions. We noted that section 5—5—3(c)(8) has been construed by this court to mean that, while defendant is to be sentenced as a Class X offender, the classification and character of the felonies committed does not change. See *People v. Pullen*, 192 Ill. 2d 36 (2000); *People v. Olivo*, 183 Ill. 2d 339, 340-41 (1998); *People v. Thomas*, 171 Ill. 2d 207, 224 (1996); *People v. Jameson*, 162 Ill. 2d 282, 290 (1994). In other words, section 5—5—3(c)(8) leaves unaffected the classification of a defendant's offenses. We explained in

---

[1]The legislature amended section 5—8—4(c)(2) in response to this court's decision in *Tucker*. Pub. Act 90—128, §5 (eff. July 22, 1997). The amendment eliminated the aggregate limitation in cases, such as this, where the offenses were not committed as part of a single course of conduct. This amendment could not be applied in this case because it was not in effect on the dates defendant committed the crimes at issue. Moreover, a retroactive application of the amendment would violate the *ex post facto* clause of the Constitution, which forbids the imposition of punishment more severe than the punishment assigned by the law when the act to be punished occurred.

*Thomas* that the legislative intent behind the provision was to subject defendants convicted of Class 1 and Class 2 felonies to an enhanced sentencing range of from 6 to 30 years. See *Thomas*, 171 Ill. 2d at 224. However, the fact that a defendant is to be sentenced as a Class X offender, pursuant to section 5—5—3(c)(8), does not change the classification of the "two most serious felonies involved" for purposes of consecutive sentencing under section 5—8—4(c)(2). *Pullen*, 192 Ill. 2d at 42-43 (and cases cited therein). In light of these principles, we held in *Pullen* that where, as here, a defendant has been convicted of two Class 2 felonies and is eligible for sentencing as a Class X offender, the aggregate of the consecutive sentences imposed by the trial court may not exceed the sum of the maximum terms authorized under section 5—8—2 for Class 2 felonies.

The maximum term authorized for a Class 2 felony, under section 5—8—2, is 14 years. See 730 ILCS 5—8—2(a)(4) (West 1994). Therefore, the maximum aggregate sentence authorized in this case was 28 years. The trial judge sentenced defendant to an aggregate sentence of 50 years of imprisonment, a sentence that exceeds, by 22 years, the sentence authorized by statute. Defendant's sentence is therefore void. See *Pullen*, 192 Ill. 2d at 42-43.

In light of the foregoing, our precedent mandates that we vacate defendant's sentences and remand the matter for resentencing.

JUSTICE McMORROW joins in this dissent.