NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190752-U

NOS. 4-19-0752, 4-19-0753 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 6, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| DAVID BOYD, | ) | Nos. 18CF185 |
| Defendant-Appellant. | ) | 18CF186 |
| | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court affirmed, concluding the trial court correctly sentenced the defendant to consecutive extended-term sentences and properly determined no mitigating factors applied.

¶ 2       In these consolidated cases, defendant, David Boyd, appeals from his sentences in Woodford County case Nos. 18-CF-185 and 18-CF-186, in which he pleaded guilty to two counts of aggravated battery, both Class 3 felonies (720 ILCS 5/12-3.05(c) (West 2016)). The circuit court sentenced defendant to extended-term sentences of seven years in prison in each case, to be served consecutively. On appeal, defendant argues this court should vacate his sentences and remand for a new sentencing hearing because the circuit court failed to consider a relevant mitigating factor. We disagree and affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On November 29, 2018, a grand jury returned bills of indictment charging defendant—in three separate cases—with three counts of aggravated battery, Class 3 felonies (*id.*). The bills of indictment alleged defendant, while at the Woodford County jail, a public place, knowingly made physical contact of an insulting or provoking nature with (1) Michael Barhum, in that he struck Barhum in the face with his hand (case No. 18-CF-185); (2) Kevin Godin, in that he struck Godin in the face with his fist (case No. 18-CF-186); and (3) William Peck, in that he struck Peck in the face with his hands (case No. 18-CF-187).

¶ 5            On May 8, 2019, defendant entered an open plea of guilty to the charges in case Nos. 18-CF-185 and 18-CF-186. In exchange for his pleas of guilty, the State agreed to dismiss the charge in case No. 18-CF-187.

¶ 6            In June 2019, defendant's case proceeded to a sentencing hearing. However, at the conclusion of the hearing, defendant's counsel informed the court that defendant's leg shackles had not been removed prior to the beginning of the hearing. The trial court concluded this error required that defendant's sentence be vacated and ordered that a new sentencing hearing be held.

¶ 7            The trial court conducted defendant's second sentencing hearing in August 2019. At the beginning of the hearing, the parties stipulated that defendant was being held in pretrial custody in connection with Woodford County case No. 18-CF-81 at the time the alleged crimes in this case occurred.

¶ 8            During argument, the State informed the court that defendant was eligible for extended-term sentences due to his Class 1 and Class 3 felony convictions in 2009 and 2016,

respectively. The State additionally argued defendant's sentences should run consecutively to one another as well as to his sentence in case No. 18-CF-81.

¶ 9        Defense counsel argued the court should consider as a mitigating factor that defendant did not cause serious bodily harm to either of the victims in this case. Defense counsel argued defendant's sentences in the present cases should run concurrently with one another but conceded that they must run consecutively to his sentence in case No. 18-CF-81 as required by section 5-8-4(d)(8) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-4(d)(8) (West 2016)).

¶ 10        The trial court, in imposing sentence, stated it had considered all of the evidence presented at the sentencing hearing, the presentence investigation report (PSI), defendant's statement in allocution, and the arguments of the parties. The court first determined no statutory mitigating factors applied. The court found the most significant aggravating factor was defendant's criminal history, which included the two aforementioned felonies in 2009 and 2016. Additionally, the court emphasized the deterrence factor because the offenses in the present cases occurred at the Woodford County jail. Specifically, the court stated,

> "[G]iven the nature of the crime, I would agree that these are insulting and provoking crimes. But it involves him using his fists and his hands to strike other human beings in an institutional setting in which the need to be a law-abiding citizen should be readily apparent in that they're locked down."

The court found extended-term sentences were appropriate considering defendant's criminal history and sentenced him to seven years in prison in each case, to be served consecutively to each other as well as to his sentence in case No. 18-CF-81.

¶ 11          Defendant filed a motion to reconsider his sentences, arguing they were excessive because defendant's actions did not cause or threaten serious physical harm. The trial court denied the motion. Defendant filed notices of appeal in each case, which this court docketed as case Nos. 4-19-0752 and 4-19-0753. In January 2021, defendant filed a motion to consolidate the two cases, which this court allowed.

¶ 12                                    II. ANALYSIS

¶ 13          On appeal, defendant argues this court should vacate defendant's sentences and remand for a new sentencing hearing because the trial court abused its discretion when it determined no mitigating factors applied. We disagree and affirm.

¶ 14          The trial court is afforded great deference in sentencing "because the trial court is generally in a better position than the reviewing court to determine the appropriate sentence." *People v. Stacey*, 193 Ill. 2d 203, 209, 737 N.E.2d 626, 629 (2000). "A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *People v. Pearson*, 324 Ill. App. 3d 622, 629, 756 N.E.2d 438, 445 (2001). We review a defendant's sentence for an abuse of discretion. *Stacey*, 193 Ill. 2d at 209.

¶ 15          In these cases, defendant pleaded guilty to two counts of aggravated battery, Class 3 felonies (720 ILCS 5/12-3.05(c), 12-3(a)(2) (West 2016)), which are normally punishable by up to five years in prison (730 ILCS 5/5-4.5-40(a) (West 2016)). However, because defendant was extended-term eligible, he was subject to a sentencing range of 5 to 10 years in prison in each case (*id.*). The court sentenced defendant to consecutive terms of seven years in prison. Accordingly, defendant's sentences were well within the statutory range.

¶ 16　　　　　Section 5-5-3.1(a) of the Unified Code (730 ILCS 5/5-5-3.1(a) (West 2014)) lists factors for which the circuit court accords "weight in favor of withholding or minimizing a sentence of imprisonment." Defendant contends the court erred by not considering, as a statutory factor in mitigation, "[t]he defendant's criminal conduct neither caused nor threatened serious physical harm to another." *Id.* § 5-5-3.1(a)(1). While the court did not find any mitigating factors applied, its comments indicate it clearly considered the nature of the crime and the mitigating evidence presented by defendant. The court expressly indicated that these cases involved defendant "using his fists and his hands to strike other human beings in an institutional setting." Specifically, the charges to which defendant pleaded guilty alleged that he (1) struck Michael Barhum in the face with his hand and (2) struck Kevin Godin in the face with his fist. While defendant's actions did not *cause* any serious physical harm to the victims in these cases, any argument his behavior did not *threaten* serious physical harm is belied by the record. Instigating violence within an institutional setting certainly constitutes a threat of serious physical harm to everyone present. The court's statement that no statutory factors in mitigation applied was not tantamount to a failure to consider them.

¶ 17　　　　　Moreover, the court emphasized defendant's extensive criminal history and the numerous chances defendant had been afforded to conform his behavior with the law. Additionally, the court found that because these offenses occurred in an institutional setting, the deterrence factor was especially significant. Based on this record, we conclude defendant's sentences are not manifestly disproportionate to the nature of the offenses.

¶ 18　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　　For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021), we affirm the trial court's judgment.

¶ 20            Affirmed.