**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200115-U

Order filed December 22, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0115 Circuit No. 17-CF-2234 |
| EDUARDO AVILA, | ) ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Lytton and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The court did not abuse its discretion when it imposed defendant's sentence.

¶ 2    Defendant, Eduardo Avila, appeals from his conviction for failure to report an accident involving personal injury or death. Defendant argues the Will County circuit court abused its discretion when it overemphasized the need for deterrence and sentenced defendant, who was 19 years old and had no criminal history, to nine years' imprisonment. We affirm.

¶ 3    I. BACKGROUND

¶ 4 The State charged defendant with failure to report an accident involving personal injury or death, a Class 1 felony (625 ILCS 5/11-401(a), 11-403 (West 2016)), and failure to stop after being involved in an accident involving personal injury or death, a Class 4 felony (*id.* § 11-401(a), (c)). Defendant entered an open guilty plea to failure to report an accident involving personal injury or death. In exchange for the plea, the State dismissed the second charge. The parties agreed that defendant faced a potential sentence of probation or 4 to 15 years' imprisonment.

¶ 5 The State's factual basis detailed that on November 4, 2017, the victim, Tricia Hoyt, left a party at 11:30 p.m. and began walking back to a residence. While walking on East North Frontage Road in Bolingbrook, the victim was struck by a vehicle driven by defendant. Defendant did not stop and render aid or notify authorities of the accident. The next day, defendant told his mother and several friends about the accident. Defendant's friends contacted the police. Hoyt was pronounced dead at the scene. During a police interview, defendant admitted to hitting Hoyt with his vehicle. Defendant's vehicle had significant damage that matched the damage located at the scene.

¶ 6 The court accepted defendant's plea, and the cause proceeded to sentencing.

¶ 7 The presentence investigation report showed that defendant had three prior traffic violations. During the sentencing hearing, the State introduced three photographs that showed Hoyt at the scene, defendant's driving abstract, three victim impact statements, the coroner's report, and the police report.

¶ 8 In aggravation, the State argued defendant knew he struck a person, it was foggy and defendant's windshield wipers did not work well, defendant's contacts were blurry, and he was driving 45 or 50 miles per hour in a 30 or 35 miles per hour zone. The State also said "if I'm right, this is what? Our third driving fatality of the month?"

¶ 9        In mitigation, defense counsel introduced defendant's medical records showing that he was receiving treatment for attention deficit hyperactivity disorder and anxiety disorder; records showing that defendant had received counseling for depression and low self-esteem; numerous mental health treatment reports; and letters from defendant's teachers and friends. Counsel argued that defendant did not have a history of criminality or delinquency, the behavior was unlikely to recur, defendant would comply with probation, defendant was employed, and defendant took responsibility for his actions by pleading guilty. Defense counsel also pointed out that defendant was a young adult at the time of the offense and had panicked. Counsel asked that the court impose a sentence of probation.

¶ 10       In allocution, defendant said that he was responsible for the accident that caused Hoyt's death. Defendant explained that after the accident he panicked and did not stop or report it. Since the accident, defendant struggled mentally and emotionally and was seeing a therapist for anxiety and depression. During the pendency of the case, defendant had nearly completed the course work needed to obtain an associate degree, and he intended to transfer to the University of Illinois at Chicago. Defendant also was a father-figure to his younger brothers and had saved money to pay for their college education. Defendant apologized to the victim's family.

¶ 11       The court acknowledged "this is one of the hardest cases [its] dealt with." The court noted that it had reviewed the facts and circumstances surrounding the case as well as the factors in aggravation and mitigation. The court told defense counsel that his "efforts in this matter including the voluminous documents in mitigation saved [defendant] from a maximum sentence." However, the court felt that a sentence was necessary to deter others from leaving hit-and-run victims to lie on the side of the road. The court also made several references to the fact that Hoyt was missing for nine hours before her body was discovered. The court sentenced defendant to nine years'

3

imprisonment explaining that it was "going to sentence [defendant] to one year for every hour Ms. Hoyt laid in that ditch."

¶ 12    Defense counsel filed a motion to withdraw guilty plea or reconsider sentence. At the hearing on the motion, counsel orally amended the motion to be a motion to reconsider sentence. The court denied the motion. Defendant appeals.

¶ 13                                    II. ANALYSIS

¶ 14    Defendant argues the circuit court abused its discretion when it overemphasized the need for deterrence and sentenced a 19-year-old with no criminal history to nine years' imprisonment.

¶ 15    We review defendant's sentence for an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000). A sentence within the statutory limits will be deemed excessive and the result of abuse of discretion where it is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense. *Id.* at 210.

¶ 16    Here, defendant was convicted of failure to report an accident involving personal injury or death, a Class 1 felony (625 ILCS 5/11-401(d) (West 2016)) that carried a sentence range of probation to 4 to 15 years' imprisonment. 730 ILCS 5/5-4.5-30(a) (West 2016). Defendant's sentence of nine years' imprisonment falls within this range and is presumptively valid. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 17    At the outset, we note that defendant argues that the court failed to consider his young age and rehabilitative potential when imposing his sentence. See *Miller v. Alabama*, 567 U.S. 460, 461-72 (2012); *People v. House*, 2019 IL App (1st) 110580-B, ¶¶ 32-74. However, the record shows that the court was presented with significant evidence of defendant's age and rehabilitative potential, and it generally noted that it considered this mitigating evidence. *Supra* ¶ 11. Moreover, *Miller* and *House* do not directly apply to defendant because he was not a juvenile at the time of

the offense, and he did not receive a life sentence. *Miller*, 567 U.S. at 479 (barring the imposition of natural life sentences on juvenile offenders); *House*, 2019 IL App (1st) 110580-B (reversed in part and vacated in part by *People v. House*, 2021 IL 125124). While the rationale behind these cases suggests that a young adult may have less culpability due to the state of his brain development and greater potential for rehabilitation, the record indicates that the court received significant evidence of defendant's age and rehabilitative potential but ultimately found this evidence was outweighed by the seriousness of the offense and need for deterrence.

¶ 18    Defendant argues that the court's rationale for imposing a nine-year sentence, one year for every hour Hoyt lay in the ditch, was arbitrary and improperly based on the court's personal beliefs. See *People v. Miller*, 2014 IL App (2d) 120873, ¶ 36. From our review, the court's comment served two proper purposes. First, it emphasized the seriousness of the offense, the most important factor in sentencing. *People v. Sandifer*, 2017 IL App (1st) 142740, ¶ 82. Second, the comment related to the court's statements about the need for deterrence, a factor in aggravation that the court may properly consider. See 730 ILCS 5/5-3.2(a)(7) (West 2016).

¶ 19    Defendant also argues the court improperly considered the conduct of other persons as a factor in aggravation where the State argued that this was the county's third driving fatality. See *People v. McPhee*, 256 Ill. App. 3d 102, 114 (1993). However, there is no indication that the court gave any weight to this specific argument. Instead, the court's sentence pronouncement more generally emphasized the need for a message of deterrence.

¶ 20    Finally, while section 5-6-1(a) of the Unified Code of Corrections creates a presumption of probation, that presumption was undermined by the seriousness of defendant's conduct. See 730 ILCS 5/5-6-1(a)(2) (West 2016). Defendant was involved in and failed to report a tragic accident that cost Hoyt her life. As the court noted, defendant's inaction amplified the seriousness

5

of the offense as it left Hoyt without emergency assistance for several hours. Although the court did not expressly say that "probation or conditional discharge would deprecate the seriousness of [defendant's] conduct and would be inconsistent with the ends of justice," that conclusion is implicit in the court's comments about the seriousness of the offense. See *id.* Therefore, the court did not abuse its discretion when it imposed a prison sentence instead of probation.

¶ 21                                III. CONCLUSION

¶ 22          The judgment of the circuit court of Will County is affirmed.

¶ 23          Affirmed.