NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210218-U

NO. 4-21-0218

IN THE APPELLATE COURT

FILED
April 5, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JOSE DOMINGO RODRIGUEZ, | ) | No. 19CF662 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the defendant's seven-year sentence for failure to give information after a motor vehicle accident involving death was not excessive.

¶ 2    Defendant, Jose Domingo Rodriguez, appeals from the McLean County circuit court's judgment sentencing him to seven years in prison following his plea of guilty to failure to give information after a motor vehicle accident involving death (625 ILCS 5/11-401(b) (West 2018)). On appeal, defendant argues his sentence is excessive. The State disagrees. We affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4    In June 2019, the State charged defendant by information with failure to give information after a motor vehicle accident involving death, a Class 1 felony (*id.*). The

information alleged that on June 22, 2019, defendant was the driver of a motor vehicle involved in an accident resulting in the death of an operator of a motorcycle, and defendant knowingly failed to (1) remain at the scene of the accident and (2) report the driver's name and address and all other occupants of the vehicle to law enforcement within 30 minutes after the accident. The information was superseded by indictment in July 2019.

¶ 5 In January 2020, defendant entered an open plea of guilty pursuant to an agreement with the State. In exchange for defendant's plea, the State agreed to dismiss defendant's citation for disregarding a traffic control device in McLean County case No. 19-TR-10706. The State provided the following factual basis for the plea:

> "[O]n June 22nd, 2019, approximately 3:40 p.m., Bloomington Police responded to a motor vehicle accident at the intersection of Main Street and MacArthur Avenue. An unoccupied Chevrolet van was at the scene as well as a motorcycle and an unconscious male on the ground.
>
> Witnesses identified the male, who was later determined to be deceased, as the operator of the motorcycle involved in the vehicle crash. He was later identified as Corey Cottrell.
>
> Several witnesses reported that the Chevrolet van had disobeyed a red traffic signal east on MacArthur Avenue and struck the motorcycle as the motorcycle was traveling with the flow of traffic.
>
> Witnesses provided the description of the male driver of the Chevy van to the police. Police contacted the registered owner of the van who identified the driver of the vehicle at the time of the accident as his nephew, the defendant, Jose Rodriguez.

Video surveillance from a local business captured the motor vehicle accident. It captured the defendant getting out of the driver's seat of the van, walking towards the victim and remaining near the scene after police had arrived. On the video surveillance, you can see that at no time did the defendant offer aid to Corey Cottrell or speak with or make contact with the police to identify himself as the driver of the van.

On June 23rd, the next day, at approximately 4:30 p.m., the defendant reported to the Bloomington Police Department and was taken into custody for this accident."

¶ 6       Defendant's case proceeded to a sentencing hearing in June 2020. At the hearing, the State first presented two of Cottrell's family members who read their impact statements into the record. The assistant state's attorney then read into the record the initial probable cause statement, which was substantially similar to the factual basis for the guilty plea. As evidence in aggravation, the court allowed the admission of surveillance videotapes from the Huck's gas station on South Main Street that captured the accident.

¶ 7       In mitigation, defendant presented the testimony of several of his employers and family members, whose collective testimony was as follows. Defendant was a good worker, having been steadily employed in the construction business for a number of years, and was not known to drink alcohol, smoke, or use drugs. Defendant was a devoted husband, father, and son-in-law who supported his family, and his absence would cause hardship to his family. Since the accident, defendant was very remorseful, and it had "affect[ed] him psychologically."

¶ 8       During argument, the State played the surveillance footage that had been previously admitted. The State emphasized defendant's failure to approach the police officers

who arrived after the accident and his decision to leave the scene. The State argued defendant's explanation that he left the scene out of fear because he was not lawfully in the United States and did not know how to speak English did not excuse his decision to wait over a day to turn himself in. The State argued a community-based sentence would deprecate the seriousness of the offense and would not deter others from similar conduct. The State recommended a sentence of 12 years in prison.

¶ 9 Defendant argued for a community-based sentence. Defense counsel emphasized defendant was unsophisticated, having only completed a sixth-grade education. Defendant had no criminal record and a strong employment history. Although acknowledging the nature of the case was "serious," defense counsel argued a sentence to probation would not deprecate the seriousness of the offense in this case and defendant was particularly likely to comply with the terms of probation. Defense counsel emphasized the hardship a prison sentence would cause defendant's employer and family.

¶ 10 Defendant then made a statement in allocution. Defendant apologized to Cottrell's family and asked for their forgiveness. Defendant stated he was not a bad person and had never had any problems since coming to the United States five years ago.

¶ 11 The court sentenced defendant to seven years in prison. In pronouncing its sentence, the court stated it considered the following: the factual basis for the guilty plea; the gravity of the offense; the presentence investigation report and addendum; the financial impact of incarceration; the evidence presented; all statutory factors in aggravation and mitigation; defendant's history, character, attitude, age, and potential for rehabilitation; all sentencing options available to the court; the arguments and recommendations of counsel; and defendant's statement in allocution. The court stated it found defendant's lack of criminal history and that he

supported his family to be mitigating factors. On the other hand, it found deterrence to be a relevant aggravating factor. As to the seriousness of the offense, the court stated it considered the facts defendant failed to (1) render aid to the victim, (2) cooperate with the police, and (3) turn himself in until 25 hours after the accident. The court found a community-based sentence would deprecate the seriousness of the offense and would be inconsistent with the ends of justice, and therefore a prison sentence was warranted in this case.

¶ 12        In June 2020, defendant filed a motion to reconsider his sentence, arguing it was excessive in light of the evidence presented at sentencing and his lack of criminal history. Following a hearing, the trial court denied the motion.

¶ 13        Defendant filed a notice of appeal, which this court docketed as case No. 4-20-0351. In December 2020, this court allowed the parties' agreed motion for summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). On remand, defendant's counsel filed a certificate pursuant to Rule 604(d) and stood on the previously filed motion to reconsider defendant's sentence. The court again denied defendant's motion.

¶ 14        This appeal followed. In his opening brief, defendant cites an article from Crain's Chicago Business that states an estimated average cost to house individuals in prison. The record shows the article was not presented to the trial court. The State has filed a motion to strike the citation, and defendant has filed an objection to the same. This court ordered the motion taken with the case.

¶ 15                                II. ANALYSIS

¶ 16        On appeal, defendant argues his seven-year sentence is excessive. The State disagrees. We agree with the State and affirm the trial court's judgment.

¶ 17                                A. Motion to Strike

¶ 18        We first address the State's motion to strike the portion of defendant's brief which cities an article from Crain's Chicago Business. Generally, this court will not consider facts or data not presented to the trial court. See *People v. O'Neal*, 2021 IL App (4th) 200014, ¶ 65. Here, we need not determine whether the article from Crain's Chicago Business constitutes a secondary source to which defendant may cite. Instead, because we find defendant failed to introduce the article in the trial court, we decline to consider it.

¶ 19                         B. Excessive Sentence

¶ 20        Defendant argues his sentence is excessive because (1) he was not criminally culpable for Cottrell's death, (2) he had no prior convictions, (3) he worked full-time to support his family, and (4) the court failed to adequately consider the financial impact of incarceration.

¶ 21        We review defendant's sentence for an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10, 737 N.E.2d 626, 629 (2000). We deem a sentence within the statutory limits excessive and the result of abuse of discretion only where it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *Id.* at 210.

¶ 22        Here, defendant was convicted of failure to give information after a motor vehicle accident involving death, a Class 1 felony (625 ILCS 5/11-401(b) (West 2018)) that carried a sentence range of probation to 4 to 15 years in prison (730 ILCS 5/5-4.5-30(a) (West 2018)). Because defendant's sentence to seven years in prison falls within this range, it is presumptively valid. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27, 69 N.E.3d 425.

¶ 23        In *Stacey*, 193 Ill. 2d at 209, our supreme court stated as follows:

        "It is well settled that the trial court has broad discretionary powers in
        imposing a sentence [citation], and the trial court's sentencing decision is entitled
        to great deference [citation]. The trial court is granted such deference because the

- 6 -

trial court is generally in a better position than the reviewing court to determine the appropriate sentence. The trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently. [Citation.]"

¶ 24       Here, we conclude the trial court did not abuse its discretion in sentencing defendant to seven years in prison.

¶ 25       Initially, we reject defendant's contention his sentence is excessive on the grounds it was "greater than the maximum sentence that could have been imposed if [defendant] had driven recklessly and was criminally culpable for the death." The maximum sentence for a crime for which defendant was not charged or convicted is not relevant when determining the propriety of defendant's sentence here. Any argument the sentencing range for the offense in this case should be less than the maximum sentence for homicide is better directed to the legislature. See *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999) ("The legislature sets forth by statute the range of permissible sentences for each class of criminal offense.").

¶ 26       We also reject defendant's argument that the court failed to assign adequate weight to the applicable factors in mitigation, including his (1) relative youth, (2) lack of criminal record, (3) consistent employment, (4) lack of substance abuse issues, and (5) role as financial provider for his family. In pronouncing its sentence, the court specifically stated it considered all of these mitigating factors. The court found a community-based sentence would deprecate the seriousness of the offense in this case and explained the factual circumstances that contributed to that determination, noting defendant failed to (1) render aid to the victim,

(2) cooperate with the police, and (3) turn himself in until 25 hours after the accident. See *People v. Jackson*, 2014 IL App (1st) 123258, ¶ 53, 23 N.E.3d 430 ("[T]he seriousness of an offense is considered the most important factor in determining a sentence."). Defendant's sentence to 7 years in prison is only 3 years longer than the minimum applicable prison sentence and well below the 15-year maximum. This court will not find an abuse of discretion merely because, given the opportunity, we may have weighed the mitigating factors differently. See *Stacey*, 193 Ill. 2d at 209. Ultimately, we find no abuse of discretion regarding the court's consideration of the mitigating factors in this case.

¶ 27        Finally, we reject defendant's contention the "lengthy" sentence in this case "fails to give adequate consideration to the financial costs of incarcerating offenders like [defendant] for so many years," citing section 5-4-1(a)(3) of the Unified Code of Corrections (730 ILCS 5/5-4-1(a)(3) (West 2018) (requiring the sentencing court to consider the financial impact of incarceration)). Again, the court specifically stated it considered the financial impact of incarceration in fashioning its sentence and the fact defendant financially supported his family. Although the court did not specifically state it considered the financial impact of incarceration in light of the fact defendant would be removed from the United States by the Department of Homeland Security following completion of his sentence, the court was clearly aware of these circumstances because it admonished defendant of the immigration consequences when defendant pleaded guilty. Defendant has failed to overcome the presumption the court considered the financial impact of incarceration, and we find no abuse of discretion. See *People v. Brazziel*, 406 Ill. App. 3d 412, 434, 939 N.E.2d 989, 1009 (2010) (stating it is the defendant's burden to affirmatively show the sentencing court failed to consider all mitigating factors).

¶ 28　　　　　Here, the court supported its sentencing determination with a thorough explanation of its consideration of statutory factors in aggravation and mitigation. It further detailed with specificity every piece of evidence it considered, including the presentence investigation report, all of the testimony and exhibits presented at the hearing, the arguments and recommendations of counsel, and defendant's statement in allocution. In this instance, we find no basis to reverse the sentence the trial court imposed in this matter. Thus, we affirm the trial court's judgment.

¶ 29　　　　　　　　　　　　　III. CONCLUSION

¶ 30　　　　　For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021), we affirm the trial court's judgment.

¶ 31　　　　　Affirmed.