NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220191-U

NO. 4-22-0191

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 30, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ISAIAH JOHNSON, | ) | No. 18CF184 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice DeArmond and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) The trial court did not abuse its discretion in its consideration of sentencing factors.
(2) Defendant's attorney was not ineffective.

¶ 2    The trial court sentenced defendant, Isaiah Johnson, pursuant to a fully negotiated plea agreement, to a three-year period of probation for committing aggravated domestic battery via strangulation. 720 ILCS 5/12-3.3(a-5) (West 2018). The State filed a petition to revoke defendant's probation 22 months after sentencing, alleging he committed several other offenses, failed to pay his fines, and had failed to complete domestic violence counseling. Defendant admitted he had failed to pay the fines and complete the domestic violence counseling. The court revoked defendant's probation, and sentenced him to four years of incarceration. Defendant filed a motion for reconsideration of his sentence, alleging the term was excessive, which the court denied.

¶ 3        Defendant raises two issues on appeal: (1) he alleges the trial court should not have considered, as an aggravating factor, that he committed the offense by means of strangulation because that conduct was also an element of the offense for which he was sentenced and, in the alternative, (2) his counsel provided ineffective assistance by failing to raise the former issue in a postsentencing motion.

¶ 4        We affirm the judgment of the trial court.

¶ 5                                I. BACKGROUND

¶ 6        In June 2018, defendant was charged with (1) aggravated domestic battery based on strangulation of his girlfriend (*id.*), (2) domestic battery based on grabbing his girlfriend after having been previously convicted of domestic battery (*id.* § 3.2(a)(1), (b) (West 2018)), and (3) domestic battery based on striking his girlfriend after having been previously convicted of domestic battery (*id.*). On September 18, 2018, defendant pleaded guilty to the aggravated domestic battery charge pursuant to a fully negotiated plea agreement, which provided for the dismissal of the other two charges, a 36 month period of probation, and participation in domestic violence counseling. The plea agreement described defendant's criminal history, which included prior convictions for two domestic batteries, one theft, one retail theft, one violation of a bail bond, one obstruction of justice, and one violation of an order of protection. The factual basis accepted by the trial court was that defendant "committed an act of strangulation on his girlfriend" by placing his hands around her neck and choking her. The court accepted defendant's plea agreement and sentenced him accordingly.

¶ 7        On June 3, 2020, the State filed a petition to revoke defendant's probation, alleging (1) the commission of several new offenses of which he had not yet been convicted, (2) he had consumed alcohol on at least one occasion, (3) he had failed to pay his fines and costs, and (4) he

had failed to begin or complete domestic violence counseling. On August 9, 2021, defendant admitted he had failed to complete the aforementioned counseling and pay the fines and costs. The State agreed it would dismiss the other allegations.

¶ 8    On November 22, 2021, the trial court held the resentencing hearing. The presentence investigation report enumerated the above offenses, other than the violation of the bail bond, as well as another retail theft conviction, an aggravated assault, traffic offenses, a possession of cannabis, juvenile dispositions, and pending charges. Defendant proffered a letter from a domestic violence counseling program reflecting defendant had been unsuccessfully discharged from the program in May 2020, after having attended 12 of 26 mandatory sessions. As noted by the court, the letter was addressed to another circuit court. Defendant's argument and allocution stated he was not able to complete counseling because he could not afford it due to the pandemic and could not find someone to babysit. He also argued, referencing his history, that he did not "catch domestics like that."

¶ 9    Before sentencing defendant to four years in prison, the trial court noted: (1) defendant's record was not "very good" and included a "number of violent offenses," (2) the seriousness of the strangulation defendant committed was self-evident, (3) the need for deterrence given the nature of the conduct, (4) defendant made "a lot of excuses" after failing to take advantage of the "opportunity" of probation, (5) "the single most important thing" was defendant did not complete domestic violence counseling despite having had more than three years within which to do so, and (6) the absence of "any strong mitigating factors."

¶ 10    Defendant filed a motion to reconsider his sentence, alleging it was excessive and his previous attorney told him he would not be imprisoned. The trial court denied the motion.

¶ 11    This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13                A. The Trial Court Did Not Commit Plain Error

¶ 14        Defendant claims because strangulation was inherently an element of the offense of the aggravated domestic battery conviction herein, the trial court should not have considered it as an aggravating factor at sentencing.

¶ 15        Defendant acknowledges he did not raise this issue in his postsentencing motion, which is generally required to preserve such an error for review. *People v. Chapman*, 194 Ill. 2d 186, 225 (2000). Failing to raise such an error is a procedural default, but, as defendant requests, some errors can be reviewed if we determine plain error has occurred. *Id.* at 226. The plain-error doctrine "allows a reviewing court to reach a forfeited error affecting substantial rights in two circumstances." *People v. Herron*, 215 Ill. 2d 167, 178 (2005). In short, the "doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *Id.* at 186-87. Though the doctrine is "nonconstitutional," it "has roots in the same soil as due process." *Id.* at 177. "Fairness, in short, is the foundation of our plain-error jurisprudence." *Id.* Its "purpose is to protect the rights of the defendant and the integrity and reputation of the judicial process." *Id.* Defendant asserts error under both prongs of the doctrine.

¶ 16        Before we determine if the plain-error exception to forfeiture applies, however, we first determine if any error occurred at all. *Chapman*, 194 Ill. 2d at 226. If we find no error, there is no plain-error basis to avoid procedural default. *Id.* at 227.

¶ 17        Trial courts have broad discretionary sentencing powers, and we will not reverse a sentence absent an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000). We give

such deference because the trial courts are usually in a better position to determine an appropriate sentence, having the opportunity to assess the defendant's characteristics, including credibility and demeanor. *Id.* at 209. We do not substitute our judgment for that of the trial court solely because we would weigh the sentencing factors differently. *Id.* A trial court has discretion to conclude a sentencing factor deserves little weight, or that it is aggravating. *People v. Shatner*, 174 Ill. 2d 133, 160 (1996).

¶ 18       The sentencing court is not required to articulate each factor it relies on when imposing its sentence. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. We presume the court has considered all mitigation evidence and other factors relevant to sentencing. *Id.* To rebut this presumption, the defendant must affirmatively demonstrate the trial court did not consider such factors. *Id.*

¶ 19       Here, the trial court enumerated the sentencing factors comprising the basis for defendant's sentence. The court considered (1) defendant's criminal history, including prior domestic battery convictions, (2) the violent nature of strangulation, (3) the deterrence aspect of sentencing for such an offense, (4) defendant's repeated excuses for his failures to comply with the probation order, and (5) defendant's failure to complete the counseling ordered in the three years which had elapsed since the entry of the order requiring it. We also note, by the time of the sentencing hearing, approximately 15 months had passed since defendant had been unsuccessfully discharged from the domestic violence counseling program and the State's filing of the petition to revoke defendant's probation. Thus, defendant had plenty of time to complete that, or another, counseling program. Additionally, defendant had adequate notice the State sought to revoke his probation for his failure to complete counseling. Nevertheless, defendant still failed to do so. In addition, it is not clear the letter defendant introduced at sentencing even related to a program he

had enrolled in at the court's direction. Therefore, we find defendant's sentence was not an abuse of discretion.

¶ 20    Further, we disagree the record demonstrates the trial court improperly relied on strangulation as an aggravating factor. It is true the court noted the seriousness of the act of strangulation, but we do not believe the context suggests the court considered it as an aggravating factor. Instead, the record demonstrates the court considered the act of strangulation only in reference to the seriousness of the nature of the crime. The court relied on numerous other factors, such as defendant's prior criminal history involving other domestic batteries, his excuses and lack of remorse, and his failure over a period of years to complete the domestic violence counseling. See, *e.g.*, *People v. Ward*, 154 Ill. 2d 272, 332 (1992) (where the sentencing court "properly focused on the character and record of the offender, as well as the circumstances surrounding the offenses"). Among the factors that court "considered were the facts of the crime itself, its nature, and defendant's actions; his prior criminal history, which includes four criminal convictions; his history of having weapons while incarcerated, including what he did while in possession of those weapons; his inability to conform his conduct to any social standard; the finding that he was incorrigible and not subject to any type of rehabilitation; and the violence and cruelty which he perpetrated on the community by virtue of these assaults." *Id*. at 331. Thus, the court herein appropriately concentrated on defendant's record, character, and the nature of the offense.

¶ 21    Additionally, as to defendant's suggestion the trial court improperly enhanced defendant's sentence based on strangulation, we also disagree. The same factor cannot be used to enhance a sentence and as an element of an offense. *People v. Phelps*, 211 Ill. 2d 1, 11-12 (2004). *Phelps* is instructive regarding defendant's claim. Therein, the allegation the defendant caused severe and permanent disability was an element of the heinous battery charge. *Id.* at 13. That

element elevated the battery from a Class A misdemeanor to a Class X felony. *Id.* That Class X felony carried a sentencing range of 6 to 45 years in prison, and the court sentenced the defendant to 30 years of imprisonment. *Id.* Though the sentence was based in part on the defendant's infliction of severe injury, the consideration of the injury constituted but one enhancement. *Id.* at 13-14. The trial court therefore committed no error. *Id.* at 14.

¶ 22 Here, the fact defendant committed domestic battery by strangling his girlfriend was used to elevate the offense to aggravated domestic battery, a Class 2 felony. 720 ILCS 5/12-3.3(a-5), (b) (West 2018). Defendant received a sentence of four years' incarceration, which was well within the three-to-seven-year range provided for a Class 2 felony. 730 ILCS 5/5-4.5-35(a) (West 2018). Thus, the severity of the offense was enhanced but once, and the trial court committed no error in imposing the sentence.

¶ 23 Finding no error in imposing the sentence or any abuse of discretion in considering the sentencing factors, we find no plain-error reason to allow defendant to avoid forfeiture relative to the court's reference to the method of defendant's commission of the offense.

¶ 24 B. Defendant's Claim His Counsel Was Ineffective

¶ 25 In the alternative, defendant claims his attorney was ineffective for failing to raise the trial court's purported reliance on strangulation in the motion seeking the court's reconsideration of his sentence.

¶ 26 Ineffective assistance of counsel claims are appropriate for review on direct appeal if the record is sufficient to permit such review. *People v. Veach*, 2017 IL 120649, ¶ 46. If the record is not adequate or complete, however, such claims are best addressed in collateral proceedings. *Id.* We are to carefully consider each such claim to determine whether we can consider it on direct review. *Id.* ¶ 48.

¶ 27	To prevail on an ineffective assistance of counsel claim, it must be established that the attorney's conduct did not meet an objective standard of reasonableness, and that there is a reasonable probability, if not for the attorney's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Without prejudice, we do not reach the issue of whether the attorney's performance was deficient. *People v. Crutchfield*, 2015 IL App (5th) 120371, ¶ 33. The defendant must overcome the strong presumption counsel's action or inaction was legitimately strategic, and was not outside the broad range of reasonable assistance. *Strickland*, 466 U.S. at 689.

¶ 28	Having concluded above the trial court did not commit error in imposing defendant's sentence by considering the nature of the offense, defendant cannot establish prejudice based on his attorney's failure to raise such an issue in a postsentencing motion. In short, there is no reasonable probability raising this issue would have changed defendant's sentence given the multiple factors noted by the court, including defendant's criminal history, his excuses, and his utter failure to complete counseling within the relevant time period. In addition, we note that not only was defendant's sentence within the statutory range, but it was also at the lower end of the range. Thus, there was ample support for the court's sentence without any consideration of the method of the commission of the offense. Because defendant cannot establish he suffered prejudice, his ineffective assistance of counsel claim is meritless.

¶ 29	                                   III. CONCLUSION

¶ 30	For the foregoing reasons, we affirm the trial court's judgment.

¶ 31	Affirmed.