NOTICE

Decision filed 08/30/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210363-U

NO. 5-21-0363

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 20-CF-306 |
| | ) | |
| CHARLES D. YODER, | ) | Honorable |
| | ) | Christopher W. Matoush, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in denying defendant's motion to reconsider his sentence following an open guilty plea, and defense counsel filed an appropriate certificate pursuant to Illinois Supreme Court Rule 604(d), and any argument to the contrary would lack even arguable merit. Accordingly, we grant defendant's appointed counsel leave to withdraw and affirm the judgment of the circuit court.

¶ 2    Defendant, Charles D. Yoder, appeals the circuit court's order denying his motion to reconsider sentence. Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as counsel for the defendant (see *Anders v. California*, 386 U.S. 738 (1967)) along with a brief in support of the motion. OSAD has provided defendant with a copy of its *Anders* motion and brief. This court has provided him with ample opportunity to respond, but

1

defendant has not done so. Having read OSAD's *Anders* motion and brief, and having examined the record on appeal, we agree that this appeal lacks merit. There is no potential ground for appeal. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                         BACKGROUND

¶ 4     Defendant was charged with methamphetamine delivery (720 ILCS 646/55(a)(1) (West 2020)). On February 24, 2021, he pled guilty to unlawful possession of methamphetamine (*id.* § 60(a)(1)). There was no agreement about a possible sentence. The State did agree to dismiss the more serious delivery charge and that defendant would be released pending sentencing to attend to medical issues.

¶ 5     The circuit court explained to defendant the nature of the charge and the possible penalties. Based on the prosecutor's statement that defendant was not eligible for an extended term, the court told him that the offense was punishable by a sentence of two to five years in the Illinois Department of Corrections (IDOC). Defendant said that he understood.

¶ 6     The court told defendant that he had a right to be physically present in the courtroom, but defendant agreed to proceed remotely via Zoom. Defendant denied being threatened or promised anything other than the terms of the agreement in exchange for his guilty plea.

¶ 7     The court explained the rights defendant would give up by pleading guilty. He said that he understood. The factual basis was that on November 17, 2020, Effingham police officers searched defendant and found a crystal substance that proved to be .4 grams of methamphetamine. The court continued the matter for sentencing.

¶ 8     A presentence investigation (PSI) showed that defendant had been convicted in Illinois of theft, driving while license revoked, intimidation, aggravated battery, aggravated assault, burglary, and driving under the influence, as well as other minor offenses. These resulted in six sentences

2

to the IDOC. He was convicted twice in Wisconsin of armed robbery, with the second conviction resulting in a 15-year prison sentence.

¶ 9    At sentencing, the parties presented no evidence. The circuit court, having reviewed the PSI, said that defendant was almost certainly eligible for an extended-term sentence. However, given that it had not admonished defendant of the possibility of an extended term, it would not impose such a sentence. However, the court found that a substantial prison sentence was necessary to deter others from committing similar offenses. Furthermore, a sentence of probation would deprecate the seriousness of the offense. The only significant mitigating factor the court found was defendant's age (he was born in 1961). Thus, the court sentenced him to five years' imprisonment, the maximum nonextended term.

¶ 10    Defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) and a motion to reconsider the sentence. The circuit court denied the motion, and defendant appeals.

¶ 11                                    ANALYSIS

¶ 12    OSAD identifies two potential issues that defendant could raise, but concludes that neither has even arguable merit. We agree.

¶ 13    The first potential issue is whether the trial court abused its discretion in sentencing defendant. The circuit court has broad discretionary powers in imposing a sentence and its sentencing decision is entitled to great deference. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000).

¶ 14    The circuit court is granted such deference because it is in a better position than a reviewing court to decide the appropriate sentence, having the chance to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Id.*

3

Consequently, we may not substitute our judgment for that of the circuit court merely because we might have weighed these factors differently. *Id.*

¶ 15    Here, while defendant's offense, as revealed by the factual basis, was not singularly grave, his extensive criminal history itself justified a lengthy sentence. His eight prior trips to the department of corrections in two states allowed the circuit court to find that his rehabilitative potential was minimal. He apparently avoided an extended-term sentence only because the court had not admonished him of that possibility when accepting the plea. Thus, even though the five-year sentence represented the maximum nonextended term, there is no arguable merit to a contention that it represented an abuse of discretion.

¶ 16    The only other potential issue is whether defense counsel complied with Rule 604(d). The rule requires that counsel representing a defendant on a postplea motion shall: "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 17    Here, counsel filed a certificate that closely tracks the rule's language. Thus, there is no arguably meritorious contention that counsel failed to comply with the rule.

¶ 18                                    CONCLUSION

¶ 19    For the foregoing reasons, we grant OSAD's *Anders* motion and affirm the judgment of the circuit court.

¶ 20    Motion granted; judgment affirmed.

4