NOTICE

Decision filed 07/27/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220273-U

NO. 5-22-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 17-CF-48 |
| | ) | |
| DANNY SANDLIN, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's sentence of 14 years imposed on remand was not an abuse of discretion.

¶ 2    This case comes before us following a remand for resentencing. Defendant, Danny Sandlin, appeals the order of the circuit court of Lawrence County resentencing defendant to 14 years' imprisonment in the Illinois Department of Corrections (IDOC). Defendant argues on appeal that the circuit court violated section 5-5-4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-4(a) (West 2020)) and abused its discretion by imposing a greater sentence on remand when, after this court vacated defendant's Class X conviction and sentence for attempted first degree murder, the circuit court reinstated the Class 1 conviction for aggravated discharge of a firearm and resentenced defendant to a greater sentence. For the following reasons, we affirm.

1

¶ 3                                    I. Background

¶ 4      This court previously described in detail the underlying facts of this case in *People v. Sandlin*, 2021 IL App (5th) 190120-U. Therefore, we set forth only those facts necessary for our review of the resentencing issue. We will recite additional facts in the analysis section as needed to address defendant's specific arguments.

¶ 5      On May 16, 2017, Lawrence County police arrested defendant following an armed standoff with law enforcement at his home, wherein defendant discharged a firearm in the direction of a tractor, driven by Jarrod Banks, and committed a domestic battery against his wife, Darlene Sandlin. Following a jury trial on November 13, 2017, and November 14, 2017, a jury found defendant guilty of attempted first degree murder (720 ILCS 5/8-4 (West 2016)), aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), aggravated domestic battery (*id.* § 12-3.3(a)), and unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)). The jury also determined that the State proved defendant personally discharged a firearm during the attempted first degree murder.

¶ 6      The circuit court subsequently sentenced defendant to 32 years' imprisonment in IDOC, which comprised of 12 years for attempted first degree murder, plus a mandatory 20-year firearm enhancement, pursuant to section 8-4(c)(1)(C) of the Criminal Code of 2012 (*id.* § 8-4(c)(1)(C)). The court did not impose a sentence on the aggravated discharge of a firearm conviction because the offense involved the "same act" as the offense of attempted first degree murder.[1]

¶ 7      On direct appeal, this court, *inter alia,* reversed defendant's conviction of attempted first degree murder. *Sandlin*, 2021 IL App (5th) 190120-U, ¶ 54. In so ruling, we determined that defendant's attempted first degree murder conviction violated his right to a speedy trial, as well as

---

[1]Although not issues before this court on appeal, we also note that the circuit court sentenced defendant to seven years' imprisonment for aggravated domestic battery and five years' imprisonment for unlawful possession of a weapon by a felon.

compulsory joinder principles, where the State filed an amended information more than five months after filing the original complaint and only one week before defendant's jury trial. *Id.* ¶ 42. Additionally, we concluded that defendant was denied effective assistance of counsel, where defense counsel failed to raise a timely motion to dismiss based on speedy-trial grounds. *Id.* ¶ 43. Accordingly, we remanded defendant's cause to the circuit court for resentencing on the reinstated aggravated discharge of a firearm conviction. *Id.* ¶ 54.

¶ 8 On April 11, 2022, the circuit court held a resentencing hearing and complied with this court's order on remand. At the hearing, the State requested that the court consider the recently filed March 17, 2022, presentencing investigation (PSI) report, and all arguments and facts presented to the court during defendant's trial in November 2017. Next, defendant requested that the court grant a continuance for additional time to contact his sister, who "may like to say something" on defendant's behalf, although defendant was "not 100 percent if she would." Defense counsel informed the court that he called defendant's sister once before the hearing, but counsel did not speak with her. The State informed the court that it was ready to proceed with defendant's resentencing hearing, at which time the court decided to proceed.

¶ 9 Next, the State asked the circuit court to consider several aggravating factors, including defendant's history of criminality, as outlined in the PSI report, and the court's need to impose a sentence to deter others from committing the same or similar offense. Additionally, the State highlighted defendant's lack of ownership and responsibility for his actions. Specifically, the State referenced the PSI report in which defendant indicated his belief that the State and his defense counsel hid evidence to convict him. Finally, the State provided a recitation of the facts and requested that the court sentence defendant to the maximum sentence of 15 years' imprisonment.

¶ 10     The defense subsequently presented the circuit court with factors in mitigation. First, defense counsel argued that defendant, a man with limited education and a history of substance abuse, "was not himself at the time" of the crime, given defendant was under the influence at the time of the crime. Defense counsel asserted that defendant, a married man with a loving family, led a law-abiding life for a substantial period of time before the commission of the present crime. Defense counsel noted that an important factor in mitigation was that defendant had "never been sentenced to the Department of Corrections before prior to this instance." In consideration of defendant's age, maturity, substantial period of sobriety while incarcerated, and defense counsel's belief that defendant "can comply with the terms of the Court, comply with the rules of society," defense counsel requested the court sentence defendant to six years' imprisonment.

¶ 11     Following arguments, the circuit court resentenced defendant to 14 years' imprisonment in IDOC on the aggravated discharge of a firearm conviction with credit for time served. The court indicated that it considered the factors in mitigation; however, the court "[did] not find any factors in mitigation applied." With regard to the factors in aggravation, the court noted that defendant had a substantial history of prior criminal activity, as demonstrated by the PSI report, and the court found it necessary to impose a sentence to deter others from committing the same crime. Specifically, the court indicated that defendant had a number of felony charges that were important to consider in resentencing defendant. In addition, the court initially considered that defendant's conduct threatened serious harm as a factor in aggravation. However, before sentencing defendant, the court "acknowledge[d] that that particular factor is not applicable."

¶ 12     On April 20, 2022, defendant filed a motion to reconsider sentence. Defendant argued that the circuit court's resentencing order on the aggravated discharge of a firearm conviction was excessive, where the court failed to consider any factors in mitigation, including defendant's past

4

criminal history, mental history, family situation, economic status, education, occupation, or personal habits. Following argument from the parties at the hearing on defendant's motion to reconsider sentence on April 20, 2022, the court denied defendant's motion. Defendant filed a timely notice of appeal.

¶ 13                                    II. Analysis

¶ 14    Defendant first argues on appeal that the circuit court abused its discretion by imposing a greater sentence on remand. Specifically, defendant asserts that the court acted unreasonably when it increased defendant's sentence from 12 years on the vacated attempted first degree murder conviction to 14 years on the reinstated aggravated discharge of a firearm conviction. He maintains that the court's decision was unreasonable, where the State failed to present any new evidence in aggravation that would properly form a basis for the increase in sentence on a lesser offense, and the trial judge denied defendant's request for a continuance to present additional mitigation evidence. Defendant requests that this court vacate his sentence and remand for a new sentencing hearing before a new judge or, in the alternative, reduce his sentence to 12 years or less. After a detailed review of the record, we disagree with defendant.

¶ 15    The Illinois Constitution requires that all penalties be determined both according to the seriousness of the offenses and with the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11; *People v. Center*, 198 Ill. App. 3d 1025, 1032-33 (1990). The circuit court has broad discretionary powers in imposing a sentence. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). This is the case because the trial judge is in a much better position than an appellate court to fashion an appropriate sentence based upon firsthand consideration of " 'the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age.' " *People v. Streit*, 142 Ill. 2d 13, 19 (1991) (quoting *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977)).

5

Importantly, a court is not required to recite and assign value to each factor during a sentencing hearing (*People v. Hageman*, 2020 IL App (3d) 170637, ¶ 20), and the weight a court should attribute to each factor in aggravation and mitigation depends on the circumstances of each case (*People v. D'Arezzo*, 229 Ill. App. 3d 428, 430 (1992) (citing *Perruquet*, 68 Ill. 2d at 154)).

¶ 16 A court's discretion, however, in fashioning an appropriate sentence is not limitless. *Stacey*, 193 Ill. 2d at 209. Absent an abuse of discretion by the circuit court, a sentence may not be altered on review. *Id.* at 209-10 (citing *Streit*, 142 Ill. 2d at 19; *Perruquet*, 68 Ill. 2d at 153). A sentence that falls within the permissible statutory range will be deemed excessive and an abuse of discretion where the sentence is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Stacey*, 193 Ill. 2d at 210. A reviewing court must not substitute its judgment for that of a sentencing court because it would have weighed the factors differently. *Streit*, 142 Ill. 2d at 19.

¶ 17 Upon remand for resentencing, a new PSI report was ordered, and the circuit court conducted a new sentencing hearing. At the hearing, the court heard evidence in mitigation and aggravation, including mitigation evidence regarding defendant's age, alleged maturity, years of sobriety while incarcerated, and no record of a prior incarceration. Moreover, defense counsel argued that defendant, a married man with a loving family, led a law-abiding life for a substantial period of time before the commission of the present crimes. Defense counsel requested that the court sentence defendant to six years' imprisonment. In aggravation, the State argued that defendant lacked remorse for the offenses, as evidenced by the March 17, 2022, PSI report, in which defendant indicated his belief that the State and his defense counsel hid evidence to convict him.

¶ 18    Before imposing sentence, the circuit court indicated that it considered the factors in mitigation; however, the court "[did] not find any factors in mitigation applied." With regard to the factors in aggravation, the court noted that defendant had a substantial history of prior criminal activity, as demonstrated by the PSI report. Despite defense counsel's argument that defendant led a law-abiding life for a substantial period of time before the commission of the present crime, the court noted that defendant had several felony charges that were important to consider in resentencing defendant. Moreover, the court found it necessary to impose a sentence to deter others from committing the same crime. As such, the court imposed a 14-year sentence on remand.

¶ 19    We cannot conclude that the circuit court abused its discretion. First, we take issue with defendant's argument that the court resentenced him to a greater sentence on remand. We first note that aggravated discharge of a firearm is a Class 1 felony, with a statutory sentencing range of not less than 4 years and not more than 15 years. 720 ILCS 5/24-1.2(a)(2) (West 2016); 730 ILCS 5/5-4.5-30(a) (West 2016). As such, the court's 14-year sentence is within statutory limits. Next, defendant's original sentence was a 32-year sentence based on a single count for attempted first degree murder, with a mandatory 20-year firearm enhancement. Thus, defendant's original sentence was a single sentence not reducible to component parts that would require this court to analyze both the underlying offense and statutory engagement as distinct sentences. See *People v. Barnes*, 364 Ill. App. 3d 888, 897 (2006) (an original sentence within statutory limits that is increased by an enhancement will result in a single sentence and not "distinct independent prison terms"). That said, after this court vacated the original sentence, defendant received a 14-year sentence on a single count of the merged offense of aggravated discharge of a firearm. Accordingly, we cannot conclude that the court imposed a greater sentence on remand, where the court ultimately imposed a less severe sentence on remand from 32 years to 14 years.

7

¶ 20    Next, the evidence presented before the circuit court revealed that defendant had a substantial history of criminal activity that spanned nearly three decades. In fact, the March 17, 2022, PSI report revealed that defendant's criminal record consisted of 10 misdemeanor convictions and six felony convictions from 1996 to 2017. Despite this, the PSI report demonstrated a protestation of innocence and lack of remorse on defendant's behalf.

¶ 21    In particular, the PSI report contained two documents labeled, "Offender's Version" and "Present Attitude." When describing his "story concerning this offense," defendant stated, "I Believe I was set up by Lawrence County Police Department!" Next, when describing his "attitude or feelings *** regarding the charges against [him]," defendant did not remember committing the crimes in the present case, and also stated his belief that "Mike Strange [(state's attorney)] and Daniel Shinkle [(defense counsel)] hid evidence to get the conviction!" Defendant also believed that Strange and Shinkle contaminated the jury to secure a conviction against defendant. Lastly, defendant indicated his belief that the court "should Parole me for the time I have served due to the lack of Justice in my case!" Defendant's own written words in the March 17, 2022, PSI report, which was filed in anticipation of defendant's resentencing hearing, demonstrated both his assertion of innocence and lack of remorse for his actions, where he maintained that he was wrongfully convicted and unjustly imprisoned. Thus, we cannot agree with defendant that the State did not present any new or additional evidence in aggravation. See *People v. Ward*, 113 Ill. 2d 516, 529 (1986) (a court is not prohibited from considering a defendant's protestation of innocence and lack of remorse as factors in aggravation so long as its decision to treat those factors as such is not automatic or arbitrary).

¶ 22    Based on the record, which establishes that the circuit court reviewed defendant's March 17, 2022, PSI report, considered appropriate mitigating and aggravating factors, and sentenced

defendant to a term within the permissible sentence range, we find the court did not abuse its discretion by imposing a 14-year sentence on the single sentence of aggravated discharge of a firearm.

¶ 23    Defendant next argues that the circuit court violated section 5-5-4(a) of the Code by imposing a harsher sentence on remand by increasing the underlying sentence of 12 years to make up for the vacated sentence enhancement. Although not raised by either party on appeal, we note that defendant raises this issue for the first time on appeal.

¶ 24    To properly preserve a sentencing issue for review, both a contemporaneous objection and a written postsentencing motion raising the issue are required. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010); see also 730 ILCS 5/5-4.5-50(d) (West 2020) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence."). The purpose of a postsentencing motion is to give the reviewing court the benefit of the trial court's judgment on the specific issue. *People v. Baez*, 241 Ill. 2d 44, 130 (2011). Broad and general allegations in a postsentencing motion are inadequate to advise the trial court of the challenge being raised and preserve an issue for appellate review. *People v. Johnson*, 250 Ill. App. 3d 887, 893 (1993). Here, defendant filed a timely motion to reconsider sentence arguing that the court's resentencing order was excessive. However, defendant did not argue that the court violated section 5-5-4(a) of the Code by imposing a harsher sentence on remand. In light of defendant's failure to raise this issue in his motion to reconsider sentence, this issue has been forfeited on appeal and we decline to consider the issue.

¶ 25                                    III. Conclusion

¶ 26    For the reasons stated, we affirm the judgment of the circuit court of Lawrence County.

9

¶ 27    Affirmed.