NOTICE
Decision filed 03/26/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230444-U

NO. 5-23-0444

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 22-CF-254 |
| | ) | |
| EDWIN C. TAPPAN, | ) | Honorable |
| | ) | Allan F. Lolie Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Vaughan and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court properly denied defendant's motion to reconsider the sentence where defendant attacked the victim with a knife, he had a prior conviction of aggravated battery and was on probation for a misdemeanor battery at the time of the offense. Further, no procedural error occurred where the circuit court and defense counsel complied with applicable supreme court rules. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Edwin C. Tappan, pleaded guilty to aggravated domestic battery. The circuit court sentenced him to four years' imprisonment. He now appeals the circuit court's order denying his motion to reconsider the sentence. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has moved to withdraw, concluding that there is no nonfrivolous argument that the circuit court erred. See *Anders v. California*, 386 U.S. 738 (1967). Counsel has notified defendant of the motion, and this court has provided him with ample opportunity to

1

respond. However, he has not done so. After considering the record on appeal and OSAD's motion and supporting memorandum, we agree that this appeal presents no issue of arguable merit. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                              BACKGROUND

¶ 4     Defendant pleaded guilty to one count of aggravated battery against his girlfriend, Danielle Wagner. The State dismissed an additional charge of misdemeanor domestic battery. The court admonished defendant about the nature of the charge, the possible penalties, and the rights he would be giving up by pleading guilty. He said that he understood. The State's factual basis was that Wagner would testify that on July 30, 2022, defendant cut her with a knife while she was a household member. The court found defendant's plea knowing and voluntary and accepted it.

¶ 5     At sentencing, sheriff's deputy Andrew Mudgette testified that on July 30, 2022, he went to Wagner's home to investigate a reported domestic dispute. He met Wagner, who was on crutches and had a cast that was cracked. She said that defendant had shoved her earlier that night, breaking her cast. The cast was necessitated by a previous injury. She also stated that defendant carved his initials in her left arm and shoulder with a razor blade and made other cuts along her back. She said that defendant held her down during this incident and specifically denied that it was consensual.

¶ 6     Mudgette clarified that the shoving and cutting incidents occurred on different nights, and that the police had been contacted particularly about the shoving incident, not the cutting incident. However, Wagner wanted to prosecute both incidents.

¶ 7     In mitigation, defendant's aunt, Sandra Shelton, testified that defendant had been very dependent on his late mother. According to Shelton, defendant had taken positive steps since his

2

release from jail. If he were to be sentenced to probation, Shelton would help him—for example, by continuing to take him to his Alcoholics Anonymous (AA) meetings.

¶ 8    Defendant's presentence investigation report (PSI) showed that he had a prior conviction for aggravated battery. He was initially sentenced to drug-treatment probation, but that was revoked, and he was sentenced to three years' imprisonment. He was on probation for a misdemeanor battery conviction when he committed the present offense.

¶ 9    The PSI further showed that defendant had an alcohol-abuse problem and had been diagnosed with depression, anxiety, and ADHD. He had two minor children who resided in Effingham with their respective mothers. He obtained his GED in 2009. He was not employed at the time due to his incarceration but had been working at CRC Global Solutions.

¶ 10   Defendant's employer, as well as friends and relatives, submitted letters on his behalf. Wagner submitted a victim impact statement in which she stated that she did not want to see defendant go to prison and stated that she consented to having her arm cut. The prosecutor recommended that defendant be sentenced to four years' imprisonment. Defense counsel requested probation with counseling.

¶ 11   The court sentenced defendant to four years' imprisonment. It noted that probation was an option but found that that resolution would deprecate the seriousness of the offense and pose a threat to the public. The court disregarded Wagner's statement that she consented to being cut because she had specifically told the deputy otherwise. The court commented that it would probably have given defendant the maximum sentence had the State asked for it.

¶ 12   Defense counsel filed a motion to reconsider the sentence, along with a certificate of compliance with Illinois Supreme Court Rule 604(d), arguing that the sentence was excessive, the "State's evidence in aggravation" was insufficient to justify the sentence, a lesser sentence would

satisfy remedial goals, and the court did not give adequate consideration to the mitigating factors. The court denied the motion and defendant timely appealed.

¶ 13                                    ANALYSIS

¶ 14    OSAD concludes that there is no reasonably meritorious argument that the court erred in denying the motion to reconsider the sentence. It further concludes that there is no good-faith argument that defense counsel failed to comply with Rule 604(d).

¶ 15    A reviewing court may not alter a defendant's sentence absent an abuse of discretion by the trial court. *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010). A sentence will be deemed an abuse of discretion if it is " 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). The trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference. *Id.* This is so because " '[t]he trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently.' " *Id.* (quoting *Stacey*, 193 Ill. 2d at 209).

¶ 16    Here, defendant pleaded guilty to aggravated domestic battery, a Class 2 felony. 720 ILCS 5/12-3.2(a)(1), 12-3.3(a), (b) (West 2020). The sentencing range for such a felony is between three and seven years in prison. 730 ILCS 5/5-4.5-35(a) (West 2020). Thus, the four-year prison term was only one year above the statutory minimum term. Although defendant could have been sentenced to probation, the circuit court specifically found that such a sentence would deprecate the seriousness of the offense and pose a danger to the community.

4

¶ 17   We cannot say that the sentence was an abuse of discretion. Defendant cut his girlfriend with a knife. He had a previous conviction of aggravated battery and was on probation for a battery conviction when he committed the present offense. Wagner reported to the deputy that defendant had previously pushed her while she was in a cast as a result of a previous, unrelated injury. While defendant largely blamed his conduct on his alcoholism, he had failed at a previous opportunity to obtain treatment following his earlier felony conviction. Accordingly, the four-year sentence was not an abuse of discretion.

¶ 18   OSAD further concludes that there is no good-faith argument that defense counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). That rule provides that where an attorney files a postplea motion on behalf of a defendant, he or she must

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 19   Here, counsel filed a certificate closely tracking the language of the rule. Thus, there is no meritorious argument that counsel failed to comply with the rule.

¶ 20                                    CONCLUSION

¶ 21   As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 22   Motion granted; judgment affirmed.